IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCI L. CREEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-601 |
| v. | ) | |
| | ) | |
| ARMSTRONG COUNTY, DAVID K. BATTAGLIA, in his individual and official capacities, ROBERT T. BOWER, in his individual and official capacities, RICHARD L. FINK, in his individual and official capacities, RONALD D. BAUSTERT, in his individual and official capacities, RANDALL J. BROZENICK, in his individual and official capacities, MARYANNE S. KOLENY, in her individual and official capacities, and DANIEL P. LUCOVICH, in his individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The parties herein have asked the Court to resolve a discovery dispute in this employment discrimination action. Plaintiff worked full-time for Defendant Armstrong County in its 911 Center until she was fired in November 2013. During her time working for Armstrong County, Plaintiff also worked full-time for Karns City School District ("KCSD"). She worked for KCSD in the daytime and then worked for Armstrong County in the evening immediately thereafter. Plaintiff continues to work for KCSD.

Defendants wish to serve a subpoena upon KCSD, seeking various information about Plaintiff. Plaintiff objected to this subpoena being served upon KCSD. In accordance with the undersigned's instructions at the case management conference, the parties contacted the Court in attempt to resolve this dispute informally. A telephone conference was held on March 21, 2016

1

in which all of the issues but one were resolved.[1] The parties briefed this remaining issue: whether Defendants can subpoena information from KCSD relating to (1) Plaintiff's general complaints about her job duties, work schedule, paid time off, co-workers, supervisors, and/or Karns City's procedures and policies; and (2) Plaintiff's specific complaints about any harassment, discrimination, or retaliation by Karns City based upon her sex or disability.[2]

As Plaintiff notes, several courts have recognized that because a plaintiff in a routine case alleging individual employment discrimination has "a legitimate privacy interest in information regarding [her] [present] employment," a defendant seeking such information from a plaintiff's present employer via subpoena "must present evidence that provides a reasonable basis for it to believe that [a plaintiff] has filed complaints, grievances, lawsuits, or charges relating to her employment with … [other employers]."[3] Here, Defendants have presented no such evidence. In fact, Defendants stated during the telephone conference that they had not directly questioned or requested this information from Plaintiff. Plaintiff's brief expounds upon this point, stating that "Defendants have not served any discovery requests or interrogatories seeking such information. Nor did defense counsel ask Creel during her deposition whether she ever made any type of complaint or filed any grievances regarding her employment with KCSD."[4] Importantly, however, Plaintiff, in her brief, expresses a willingness to cooperate with Defendants, noting that Defendants "can obtain the information sought without subpoenaing

---

[1] See Text-Only Minute Entry from 3/21/2016.

[2] See ECF Nos. 45 at 2; 47 at 2.

[3] E.E.O.C. v. Princeton Healthcare Sys., 2012 WL 1623870, **21-22 (D.N.J. 2012) (quoting Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y.2010) and Graham v. Casey's Gen. Stores, Inc., 206 F.R.D. 251, 256 (S.D. Ind. 2002)); see also Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 241-42 (E.D.Va. 2012) (collecting cases and quashing a defendant's subpoena that requested a plaintiff's entire employment file);

[4] ECF No. 47 at 4.

[her] employer."[5]  Therefore, because Defendants have not first attempted to attain this information directly from Plaintiff, their attempt to get it via subpoena from KCSD is denied without prejudice.[6]

Defendants are instructed to first attempt to get this information from Plaintiff directly. If based on the information provided from Plaintiff the Defendants believe that KCSD may have relevant documentation that is not in the possession of Plaintiff, or alternatively that Plaintiff has but refuses to provide, Defendants may draft a revised, narrow proposed subpoena and forward it to Plaintiff's counsel. If Plaintiff's counsel objects to this subpoena, then the parties shall contact the assigned law clerk to arrange a telephone conference with the Court.

**SO ORDERED**, this 4th day of April, 2016.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

---

[5] Id. at 4-5.

[6] See Kimes v. Univ. of Scranton, 2015 WL 778376, *4 (M.D.Pa. 2015) ("[T]he Court is cognizant of the potential burden this discovery could have on Plaintiff's relationship with her current employer, especially given that such documents are 'discoverable through a lesser intrusive means than serving a subpoena on [Plaintiff's] current employer.' … Indeed, these documents may be obtained directly from Plaintiff.") (quoting Graham, 2016 F.R.D. at 255).